UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LLOYD R. JAMES,

    Plaintiff,

v.                                                        Case No: 8:17-cv-415-T-30AAS

FLORIDA DEPARTMENT OF
ECONOMIC OPPORTUNITY,

    Defendant.
_____

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint. (Dkt. 20), and Plaintiff's Response (Dkt. 21). The Court has reviewed the pleadings, the fourth amended complaint and its attachments, and the applicable law. As explained below, the Court concludes that the Motion should be granted.

## BACKGROUND

On August 19, 2017, Lloyd James ("Plaintiff") filed his Fourth Amended Complaint ("Complaint") against the Florida Department of Economic Opportunity ("Defendant"). The Complaint contains one count for retaliation pursuant to Title VII of the Civil Rights Act of 1964. While working for the Defendant, Plaintiff complained to management that Plaintiff's coworkers spread rumors about his sexual harassment propensities. Plaintiff believes that by his coworkers spreading the rumors, Plaintiff was "being stereotyped as a black-male/Jamaican who sexually harasses females and that he was being ostracized by everyone else in the office." Sometime after his complaints, Plaintiff was placed on a Performance Improvement Plan and ultimately terminated by the Defendant. Plaintiff

alleges that his "termination and retaliatory harassment" were a result of Plaintiff's complaints to supervisors about his coworkers. The Defendant argues that Plaintiff fails to properly plead his retaliation claim. The Court agrees.

## **STANDARD FOR A MOTION TO DISMISS**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *La Grasta v. First Union Securities, Inc.*, 358 F. 3d 840, 845 (11th Cir. 2004) (internal citations omitted). Courts must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## **DISCUSSION**

To establish a prima facie case of retaliation, an individual must generally demonstrate that (1) the individual engaged in a protected activity; (2) the individual

suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. *See, e.g.*, *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007) (internal citation omitted) (articulating elements in context of Title VII claim).

Title VII establishes that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge" under Title VII. *Carson v. Metro. Atlanta Rapid Transit Auth. (MARTA)*, 572 F. App'x 964, 968–69 (11th Cir. 2014); 42 U.S.C. § 2000e–3(a). When an individual engages in such an opposition or charge, the individual takes part in an activity protected by Title VII. *See* 42 U.S.C. § 2000e–3(a). Plaintiff fails to state a claim for retaliation because Plaintiff does not establish that he engaged in any applicable protected activity.

A. **Plaintiff's Filing of a Charge of Discrimination**

Plaintiff was terminated by the Defendant on August 3, 2015. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on July 28, 2016. Plaintiff's Charge of Discrimination cannot be considered a protected activity for Plaintiff's retaliation claim because Plaintiff filed nearly one year after Plaintiff was terminated. The Defendant could not have possibly retaliated against Plaintiff for filing his Charge of Discrimination when the Defendant terminated the Plaintiff before the filing.

B. **Plaintiff's Complaints to Management about Coworkers' Rumors**

Plaintiff alleges that he engaged in protected activity when he complained to management about certain coworkers' behavior. Plaintiff's complaints do not meet the definition of a "protected activity." Plaintiff alleges that a coworker, Naomi Resario, told

new and existing female employees to be wary of Plaintiff because Plaintiff was a "sexual harasser."[1] Plaintiff complained to the Veterans Program Director "about Ms. Resario's National-origin, race, and sex-based harassment." On a separate occasion, Plaintiff filed written complaints with Defendant's management staff after another coworker, Miguel Balbas, spread rumors about Plaintiff's alleged sexual harassment tendencies. In his Complaint, Plaintiff alleges that he "engaged in a series of protected activities when he repeatedly complained of sex-based and National-origin based harassment to his supervisors and managers."

If Plaintiff complained to his employer about a practice that was made unlawful by Title VII, Plaintiff's opposition would be a "protected activity." *See Crawford v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 555 U.S. 271, 276, (2009) (citing § 2000e–3(a)). Plaintiff complained to his employer about coworkers' rumors related to Plaintiff's sexual harassment propensities. The spreading of rumors about sexual harassment tendencies is not a behavior made unlawful by Title VII. *See Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010) ("…Title VII is not a civility code…") Thus, none of Plaintiff's complaints about the rumors is a protected activity.

Plaintiff alleges that when his coworkers spread rumors about Plaintiff, Plaintiff "…was being stereotyped as a black-male/Jamaican who sexually harasses females." (Dkt. 18, p. 6). Plaintiff is a black male of Jamaican descent, but this does not by implication mean that rumors spread about Plaintiff in the workplace were made because of his sex or National origin. Plaintiff pleads nothing in support of his theory that rumors of his alleged

---

[1] According to the Plaintiff, he was accused of sexual harassment. An investigation took place and "exonerated [Plaintiff] of any wrong-doing." (Dkt. 18, p. 5)

sexual harassment were discriminatory based on his age, gender, sex, or nationality. Plaintiff fails to demonstrate that he suffered from any of the types of discrimination that Title VII protects against.

Upon review and consideration, it is therefore

ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 20) is GRANTED.

2. Plaintiff's Fourth Amended Complaint is DISMISSED, without prejudice. The Court grants the Plaintiff leave to amend his Complaint within fourteen (14) days from the date of this Order, if Plaintiff can amend his Complaint to allege that he engaged in a protected activity under Title VII.

3. Should Plaintiff fail to file an amended Complaint within the time allotted, this case will be dismissed without further notice.

DONE AND ORDERED at Tampa, Florida on this 6th day of October, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record